UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BILLY JOE NOBLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-204-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Billy Joe Noble to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced on February 2, 2009, to 180 months' imprisonment and 3 years of supervised release. Movant did not appeal. In the instant action, movant seeks relief from his conviction and sentence based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).

### Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. The Supreme Court case on which movant relies, *Johnson v. United States*, 135 S. Ct. 2551 (2015), was decided on June 27, 2015. Movant signed the instant motion for relief on July 11, 2016, after the expiration of the one-year statute of limitations. Thus, it appears that this action is untimely.

Before taking any further action, the Court will order movant to show cause why this action should not be dismissed as time-barred. Respondent will not be ordered to respond to the motion to vacate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause in writing within thirty (30) days of the date of this Order why his 28 U.S.C. § 2255 motion to vacate should not be dismissed as time-barred. If movant fails to comply, the Court will dismiss this action as untimely.

Dated this 8th day of September, 2016.

                                                      **UNITED STATES DISTRICT JUDGE**